UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC, LLC, | Civil Action No. 16-cv-00442 |
| Plaintiff, | (NRB) |
| -against- | **POSITION LETTER** |
| DAVE ARBOGAST BUICK-GMC, INC., | |
| Defendant. | |

Dear Judge Buchwald,

Please accept this correspondence as Defendant Dave Arbogast Buick-GMC, Inc.'s (hereinafter "Arbogast") letter outlining the substantive arguments advanced in the attached Declaration and Memorandum of Law in accordance with Rule 2.E(1) of Your Honor's Individual Rules.

### I.  FACTUAL BACKGROUND

The instant litigation arises out of alleged copyright violations by Arbogast. In its Amended Complaint, Plaintiff Freeplay Music, LLC (hereinafter "Freeplay") alleges that since May 10, 2010, Arbogast has engaged in the unauthorized use of twenty-three (23) of Freeplay's copyrighted musical works on 279 separate YouTube videos. *See* Ayes Decl. **Ex. "A"**. As a result, Freeplay alleges Arbogast violated the Copyright Act, 17 U.S.C. § 501.

### II.  Personal Jurisdiction

Arbogast respectfully requests that Freeplay's Amended Complaint be dismissed pursuant to F.R.C.P. 12(b)(2), as this Honorable Court lacks personal jurisdiction over this matter because Freeplay has not suffered an in-state injury pursuant to CPLR § 302(a)(3)(ii). To

determine whether the exercise of personal jurisdiction is proper, a two part analysis is required. Grand River Enters. Six Nations. Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005). The Court must first determine whether the exercise of personal jurisdiction is appropriate under the laws of the forum state. Best Van Lines v. Walker, 490 F.3d 239, 242 (2d Cir. 2007). If the exercise of personal jurisdiction is appropriate under the laws of the forum state, only then will the Court determine whether the exercise of personal jurisdiction is consistent with federal due process requirements. Ibid.

This Court's exercise of personal jurisdiction in this matter is not appropriate under the laws of New York, and Freeplay's Amended Complaint must be dismissed. New York's CPLR § 302(a)(3)(ii) confers personal jurisdiction over an individual who "commits a tortious act without the state causing injury to person or property within the state…if he…expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Troma Entertainment, Inc. v. Centennial Pictures Inc., 729 F.3d 215, 218 (2d Cir. 2013). As a result, and as a prerequisite to analyzing Arbogast's alleged New York contacts, in order for this Honorable Court to exercise personal jurisdiction over Arbogast, Freeplay must have suffered an in-state injury pursuant to CPLR § 302(a)(3)(ii), as a matter of law.

In the current matter, Arbogast's alleged copyright infringement does not constitute an in-state injury pursuant to CPLR § 302(a)(3)(ii). The Second Circuit Court of Appeals, in Penguin Group (USA) Inc. v. Am. Buddha, 609 F.3d 30, 35 (2d Cir. 2010), certified a question to the New York Court of Appeals, asking the Court of Appeals to answer whether, in copyright cases, the situs of the injury is the location of the infringing action or the location of the principal place of business of the copyright holder. The New York Court of Appeals reformulated that

question and ruled that, only in copyright infringement cases involving the uploading of a copyrighted printed literary work to the internet, the situs of the injury is the location of the copyright holder. Penguin Group (USA) Inc. v. Am. Buddha, 16 N.Y.3d 295, 302 (2011). The Court of Appeals explained, "our decision today does not open a Pandora's box allowing any nondomiciliary accused of digital copyright infringement to be haled into a New York court when the plaintiff is a New York copyright owner[.]" Id. at 307. Thereafter, the case was transferred back to the Second Circuit, wherein the Court rendered a decision consistent with the Court of Appeals' holding that, for purposes of an alleged unauthorized uploading of copyrighted printed literary work to the internet, the situs of the injury is the location of the copyright holder. Penguin Group (USA) Inc. v. Am. Buddha, 640 F.3d 497, 499-500 (2d Cir. 2011).

As a result, the alleged uploading of any copyrighted work to the internet does not constitute an in-state injury for purposes of CPLR 302(a)(3)(ii). Rather, only the uploading of printed literary work to the internet for public access constitutes an in-state injury. In this case, the alleged copyrighted material constitutes online musical works which Arbogast allegedly uploaded to the internet from its location in Troy, Ohio. Therefore, as a matter of law, Freeplay has not suffered an in-state injury pursuant to CPLR § 302(a)(3)(ii). By bringing this action in New York, Freeplay requests this Honorable Court disregard the law and open a Pandora's Box allowing any nondomiciliary accused of digital copyright infringement to be haled into a New York Court. Such a holding would be in direct contradiction of the laws of New York and the Second Circuit Court of Appeals.

For the foregoing reasons, and those advanced in the attached Declaration and Memorandum of Law, it is respectfully requested that this Honorable Court dismiss Freeplay's Complaint for lack of personal jurisdiction pursuant to F.R.C.P. 12(b)(2).

Dated: New York, New York
       August 19, 2016

                                    CALLAHAN & FUSCO, LLC
                                    Attorneys for Defendant
                                    DAVE ARBOGAST BUICK-GMC, INC.

BY: _____
                                    MITCHELL AYES, Esq.
                                    40 Exchange Place, 18th Floor
                                    New York, NY 10005
                                    P: (212) 448-9570
                                    F: (212) 448-9772
                                    E-mail: mayes@callahanfusco.com